| | |
|---|---|
| **STATE OF MAINE**<br>**OXFORD,** | **SUPERIOR COURT**<br>**SOUTH PARIS** |
| | DOCKET NO. CV-14- |
| SUSAN KURYLO, | |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| SULLIVAN RIZZO, in<br>his individual capacity, | |
| Defendant | |

1. Susan Kurylo brings this action seeking relief for violations of her civil rights after being falsely arrested, subjected to excessive force, and malicious prosecution in violation of her Fourth Amendment rights under the United States Constitution by Oxford County Deputy Sheriff Sullivan Rizzo; as a result of the deprivation of her constitutional rights Ms. Kurylo was detained, charged with a criminal complaint, suffered physical injuries, emotional distress, fear, and psychological injuries.

**PARTIES**

2. At all times relevant to this Complaint, Susan Kurylo was over the age of 18 and a resident of Oxford County, Maine.

3. At all times relevant to these claims, Sullivan Rizzo was a law enforcement officer for Oxford County, acting under the color of state and local law as a law enforcement officer, and is sued in his individual capacity.

Oxford County Courts
DEC 17 2014
Consolidated Clerks Office

1

## STATEMENT OF FACTS

4. On or about July 29, 2013, Officer Rizzo arrested and used physical force against Susan Kurylo.

5. On the above date, Officer Rizzo responded to a call at Ms. Kurylo's home.

6. Officer Rizzo arrived at the home and did not observe any criminal conduct.

7. Once at the home, Officer Rizzo did not receive any report from anyone that Ms. Kurylo had engaged in criminal conduct.

8. Ms. Kurylo spoke with Officer Rizzo outside the home upon his arrival.

9. After speaking with Officer Rizzo, Ms. Kurylo went to go back inside to care for her animals.

10. Officer Rizzo forced his way inside the home going after Ms. Kurylo.

11. Officer Rizzo kicked open the front door to the home hitting Ms. Kurylo in the back with the door as it flew open.

12. Once inside the house, Officer Rizzo forcibly grabbed Ms. Kurylo causing bruising to her chest.

13. Officer Rizzo grabbed Ms. Kurylo by the chest, picked her up, and threw her to the ground.

14. Ms. Kurylo hit her head on a pipe and steel medical device, and sliced her ankle on the bed frame when Officer Rizzo threw her to the floor.

15. Officer Rizzo grabbed Ms. Kurylo from behind off the floor and threw her facedown onto a nearby bed.

16. Officer Rizzo drove his knee into Ms. Kurylo's back as she laid facedown on the bed.

17. Officer Rizzo grabbed Ms. Kurylo's arms and wrenched them backwards at a 180° angle.

18. Ms. Kurylo screamed out in pain and yelled for Officer Rizzo to stop.

19. Officer Rizzo was told Ms. Kurylo was disabled and had serious back and shoulder injuries.

20. Officer Rizzo continued to wrench Ms. Kurylo' arms up behind her back at a 180° angle and beyond causing her great pain and injury to her shoulder and back.

21. Officer Rizzo pushed Ms. Kurylo's face into the mattress making it difficult for her to breath.

22. Officer Rizzo eventually handcuffed Ms. Kurylo and told her she was going to jail.

23. At the time Officer Rizzo used force against Ms. Kurylo she was 60 years old and physically disabled.

24. Ms. Kurylo never posed a threat to Officer Rizzo.

25. Ms. Kurylo required medical attention after Officer Rizzo's use of force against her and an ambulance was called to the home.

3

Case 2:15-cv-00015-JHR   Document 4   Filed 01/08/15   Page 4 of 6    PageID #: 13
Exhibit 4 to Affidavit of John J. Wall
Page 6 of 9

26. Ms. Kurylo suffered serious injuries to her back and shoulders because of the force Officer Rizzo used against her.

27. Officer Rizzo charged Ms. Kurylo with domestic violence assault, assault and criminal restraint.

28. On January 7, 2014, the State of Maine dismissed the charges brought by Officer Rizzo against Ms. Kurylo.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 FOR FALSE ARREST

29. The Plaintiff incorporates all previously alleged paragraphs as if alleged herein.

30. Officer Rizzo's actions deprived Ms. Kurylo of her rights under the Fourth Amendment of the United States Constitution to be free from arrest without probable cause.

31. Officer Rizzo's investigation and observations did not show any probable cause that Ms. Kurylo committed any crime.

32. Officer Rizzo lacked probable cause to charge Ms. Kurylo with domestic assault, assault, or criminal restraint.

33. Officer Rizzo's actions in charging Ms. Kurylo with the above crimes caused her physical injuries, emotional distress, fear, and caused her to incur legal expenses.

Case 2:15-cv-00015-JHR   Document 4-3   Filed 01/09/15   Page 5 of 6   PageID #: 14
Exhibit to Affidavit filed 1/09/15
Page 7 of 9

## COUNT 2: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 FOR EXCESSIVE FORCE

34. The Plaintiff incorporates all previously alleged paragraphs as if alleged herein.

35. Officer Rizzo's actions deprived Ms. Kurylo of her rights under the Fourth Amendment of the United States Constitution to be free from excessive, unreasonable, or unnecessary force.

36. Officer Rizzo's actions in using force against Ms. Kurylo caused her physical injuries, including but not limited to shoulder and back injuries; emotional distress; fear; and psychological injuries.

## COUNT 3: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION

37. The Plaintiff incorporates all previously alleged paragraphs as if alleged herein.

38. Officer Rizzo acted maliciously in charging Ms. Kurylo with criminal conduct because he knew or should have known there was no probable cause to support the charges.

39. Officer Rizzo's actions in charging Ms. Kurylo with the above crimes caused her emotional distress, fear, and caused her to incur legal expenses.

## REQUESTS FOR RELIEF

40. As a result of the above claims for relief, the Plaintiff requests the following relief: Compensatory damages; Punitive damages; Attorney fees and cost pursuant to 42 U.S.C. § 1988, and all other monetary and equitable relief the Court finds appropriate.

Dated: December 15, 2014

The Plaintiff,
Susan Kurylo

_____
Hunter J. Tzovarras
Bar No. 004429
Attorney for Plaintiff
23 Water Street, Suite 407
Bangor, Maine 04401
(207) 735-4570
mainedefender@gmail.com