UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SUSAN KURYLO,<br><br>        Plaintiff,<br><br>   vs.<br><br>SULLIVAN RIZZO,<br><br>        Defendant | Civil No. 15-0015-NT |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND

    Defendant Sullivan Rizzo, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

    1.    The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

### PARTIES

    2.    The Defendant admits the Plaintiff was over 18 at the time of the incident alleged in the Complaint.  The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    3.    The Defendant admits that at the time of the incident alleged in the Complaint he was working for Oxford County as a deputy.  The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to

which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## STATEMENT OF FACTS

4. The Defendant admits that as a result of the Plaintiff's actions on July 29, 2013 he issued summonses to her. The Defendant further admits that he physically restrained the Plaintiff after she used force against him. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

6. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

7. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

8. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

9. The Defendant admits that at some point the Plaintiff entered the home on the property. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

10. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

11. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

14. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

15. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

16. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

17. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

18. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

19. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

20. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

21. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

22. The Defendant admits he applied handcuffs to the Plaintiff. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

23. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

24. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

25. The Defendant admits that the Plaintiff requested medical attention and that an ambulance was called. The Defendant denies the remaining allegations contained in this paragraph of the Plaintiff's Complaint.

26. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

27. The Defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

28. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 FOR FALSE ARREST

29. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

30. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

31. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

32. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

33. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## COUNT 2: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 FOR EXCESSIVE FORCE

34. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

35. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

36. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

## COUNT 3: VIOLATION OF RIGHTS UNDER 42 U.S.C. § 1983 MALICIOUS PROSECUTION

37. The Defendant repeats his responses to the preceding paragraphs of Plaintiff's Complaint.

38. The Defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

39. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

**AFFIRMATIVE DEFENSES**

1. The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6. The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in his representative capacity, the Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of her injuries.

9. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents.

11. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

12. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

13. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

16. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

17. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

18. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate damages.

19.     To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Sullivan Rizzo demands judgment in his favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 27th day of February, 2015.

>  Attorneys for Defendant Sullivan Rizzo
>  MONAGHAN LEAHY, LLP
>  95 Exchange Street, P.O. Box 7046
>  Portland, ME 04112-7046
>  (207) 774-3906

BY:  /s/ John J. Wall, III
     John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand** using the CM/ECF system, which will provide notice to me and the following other counsel of record: Hunter J. Tzovarras (mainedefender@gmail.com).

Dated at Portland, Maine this 27th day of February, 2015.

>  Attorneys for Defendant Sullivan Rizzo
>  MONAGHAN LEAHY, LLP
>  95 Exchange Street, P.O. Box 7046
>  Portland, ME 04112-7046
>  (207) 774-3906

BY:  /s/ John J. Wall, III
     John J. Wall, III