UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUSAN KURYLO,              )<br>                                           )<br>         Plaintiff              )<br>v.                                        )<br>                                           )<br>SULLIVAN RIZZO,         )<br>                                           )<br>         Defendant          ) | No. 2:15-cv-00015-JHR |

### *MEMORANDUM DECISION AND ORDER ON MOTION* IN LIMINE[1]

In advance of jury trial, defendant Sullivan Rizzo moves *in limine* to exclude (i) all opinion evidence pertaining to the causation and permanency of injuries that plaintiff Susan Kurylo claims to have sustained as a result of his alleged use of excessive force in arresting her on July 29, 2013, including any opinions contained within medical records, because the plaintiff failed to serve a timely expert disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (ii) all evidence of medical treatment after the plaintiff's initial emergency room ("ER") visit, including evidence of expenses related to that treatment, which he argues is irrelevant or more prejudicial than probative pursuant to Federal Rules of Evidence 401, 402, and/or 403, and (iii) evidence of any interactions between the parties after the plaintiff was transported from the scene of the incident, which he contends is also irrelevant or more prejudicial than probative pursuant to Rules 401, 402, and/or 403.  *See generally* Defendant Sullivan Rizzo's Motion *in Limine* ("Motion") (ECF No. 63); Complaint (ECF No. 3-3), attached to Affidavit of John J. Wall, III (ECF No. 3), ¶¶ 4-28, 36; *see also* Plaintiff's Objection to Defendant's Motion *in Limine* ("Objection") (ECF No. 94).

---

[1] The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment.  ECF No. 62.

For the reasons explained herein, I grant the Motion in part, to the extent that I preclude any expert testimony on causation or permanency beyond the four corners of medical records produced during discovery, and otherwise deny it without prejudice to its reassertion at trial.

## I.   Applicable Legal Standards

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the witness must provide a written report, unless otherwise stipulated or ordered by the court, the disclosure must be accompanied by a written report containing six categories of information. *See* Fed. R. Civ. P. 26(a)(2)(B). If the witness need not provide a written report, unless otherwise stipulated or ordered by the court, the disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The parties' scheduling order required the plaintiff to designate all experts required to be disclosed pursuant to Rule 26(a)(2)(A), including treating physicians, by May 18, 2015. *See* ECF No. 6. The parties must supplement expert disclosures when required by Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(E).

"If a party fails to . . . identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). "The burden is on the party that has failed to comply with discovery deadlines to establish that his failure is

harmless or substantially justified." *United States Bank Nat'l Ass'n v. James,* Civil No. 09-84-P-JHR, 2010 WL 1416126, at *6 (D. Me. Apr. 5, 2010).

"The baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Harriman v. Hancock County,* 627 F.3d 22, 29 (1st Cir. 2010) (citations and internal punctuation omitted). However, the court retains discretion to impose other sanctions in lieu of, or in addition to, mandatory preclusion. *See* Fed. R. Civ. P. 37(c)(1); *see also, e.g., Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 77-78 (1st Cir. 2009) ("Preclusion . . . is not a strictly mechanical exercise. And, in its discretion, the district court may choose a less severe sanction. Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects – e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.") (citations and some internal quotation marks omitted).

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.     Factual Background

The plaintiff served initial disclosures dated April 8, 2015, in which she identified by name and address eight physicians and one physician's assistant who "may have discoverable

information regarding the Plaintiff's injuries" and "medical treatment" or "medical care." Plaintiff's Initial Disclosures Under FRCP 26(a)(1) (ECF No. 94-1) ¶¶ 5, 9-16. She provided no formal expert designation by her deadline of May 18, 2015, or at any time thereafter. *See* ECF No. 6; Objection at 4.

On June 22, 2015, the defendant's deadline to designate experts, *see* ECF No. 6, his counsel emailed the plaintiff's counsel, stating:

> I wanted to let you know – by way of an expert designation – that we are reserving the right to call any health care professional for whom we have records in this case. I anticipate that those persons will testify consistent with their records.
>
> If you require a more formal designation, let me know.

ECF No. 94-2 at Page ID # 681. On the same date, the plaintiff's counsel responded: "I'll designate our experts to you as well, which will only be the treating doctors already provided in the initial disclosures." *Id*. at Page ID # 683.

In answers to interrogatories dated July 27, 2015, the plaintiff listed one physician's assistant and seven physicians in response to Interrogatory No. 23, which asked her to "identify all persons who may be called to present expert testimony in support of the claims in your Complaint, including a disclosure of all information required by Fed.R.Civ.P. 26(a)(2)." Defendant's Interrogatories Propounded Upon Plaintiff, Exh. 2 (ECF No. 63-2) to Motion, at Page ID ## 413-15. She provided a name and address for each of those individuals, stating that each would "offer testimony regarding his [or her] treatment of the Plaintiff as documented in the medical records." *Id*.

On January 5, 2016, the defendant's counsel emailed the plaintiff's counsel, stating, in relevant part:

> [F]ollowing [the plaintiff's] deposition I tried to locate an expert disclosure from you but I do not see one in my file. Did you do one? If so, I don't think we ever

> got it. [The plaintiff's] testimony yesterday about back issues was concerning, as I did not understand that she was claiming ongoing back issues as a result of the incident with [the defendant].

Exh. 1 (ECF No. 63-1) to Motion, at Page ID # 393. The plaintiff's counsel responded, by email the same day:

> The experts were listed in response to Interrogatory 23, but I don't see a separate designation sent. It's only the treating doctors and I can probably narrow it down even more before trial.
>
> ***
>
> I don't think the medical evidence speaks to the back injury but only shoulder and elbow. I don't believe any of the treating doctors will testify the back injury was caused by the incident with [the defendant].

*Id*. at Page ID ## 392-93.

> The defendant's counsel replied, by email later that day:
>
> I won't lie to you that the lack of an expert disclosure is going to be a problem. While the doctors may have been identified as potential witnesses, I am entitled to a disclosure so that I can decide whether to depose them – particularly on issues of causation or permanency. I don't think the records speak to either, so just telling us in interrogatory answers that you might call them to testify consistent with their records isn't going to do it. If you intend to call the doctors to testify about causation or permanency (or really to provide any opinion evidence) we will probably need to address this with the Court.

*Id*. at Page ID # 392.

> To this the plaintiff's counsel responded, by email even later that day:
>
> The Defendant designated the same experts to testify consistent with the medical records in the 6/22/15 email (forwarded below). I think the interrogatory responses, along with the medical records, satisfy the disclosure requirements for the treating doctors. I don't have any objection if you wish to extend the discovery to depose any of them.

ECF No. 94-2 at Page ID # 685.

5

### III.     Discussion

**A. Request To Exclude Opinion Evidence Related to Causation, Permanency**

The defendant seeks to exclude all opinion evidence related to causation or permanency on the basis that, although the plaintiff was required to designate experts pursuant to Rule 26(a)(2) by May 18, 2015, she neither made such a designation nor sought to have the issue addressed by the court, even after his counsel warned on January 5, 2016, that the lack of such a disclosure was problematic.  *See* Motion at 1-2.  He argues that the plaintiff's interrogatory response neither constituted, nor dispensed with the need for, an expert designation; for example, her response did not indicate that any of her providers would be called to testify about causation or permanency. *See id*. at 2.

He argues that the lack of any such disclosure is neither substantially justified nor harmless. *See id*. at 4-6.  He asserts that the plaintiff has offered no justification for failing to serve the required designation and that the omission cannot be considered harmless because (i) given her complex medical history, including pre-incident complaints of shoulder pain, opinion testimony would be essential to place her alleged injuries before a jury, (ii) he was never advised in any context whether any of the treating providers would be called to provide opinion testimony on causation or permanency, and (iii) he could not be expected to depose all of the treating providers on the chance that one of them might be called to offer opinion testimony on a subject about which he or she was not designated to testify.  *See id*. at 4-5.

He contends that permitting the introduction of this evidence would greatly disrupt the trial of this matter in that, to the extent that the plaintiff is permitted to offer such evidence, in fairness, he should be permitted further discovery upon receiving any such tardy designations, including an opportunity to take depositions and designate experts of his own, if appropriate.  *See id*. at 5-6.

The plaintiff objects to the Motion on the basis that the defendant "has been on notice throughout the discovery process the Plaintiff would offer the testimony or records of the Plaintiff's medical treatment related to the injuries suffered in this case." Objection at 1.

She argues that Rule 26(a)(2)(B) merely requires disclosure of the identity of an expert witness who is a treating doctor and not a retained expert, and she did that on at least three occasions. *See id*. at 2-3.  She explains that she did not serve a formal expert designation because the defendant was already aware of the treating doctors and their records, and serving the formal designation "served no further purpose." *Id*. at 4.  She asserts that, in any event, she inquired on June 22, 2015, whether any further designation was necessary, in response to which the defendant raised no issue until January 2016, at which time she offered to consent to an extension of the discovery period to accommodate any depositions the defendant wished to take of the doctors.[2]

To the extent that the plaintiff argues that she complied with Rule 26(a)(2), in substance if not form, she is mistaken.  At no time has she provided an expert designation compliant with Rule 26(a)(2) or apprised the defendant of the information required to be disclosed pursuant thereto.

Rule 26(a)(2) was amended in 2010 to add subsection (C), which "mandate[s] summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.  The drafters recognized that "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705" and that such

---

[2] As I understand the email exchange at issue, the *defendant's* counsel inquired on June 22, 2015, whether the plaintiff required a more formal expert designation.  *See* ECF No. 94-2 at Page ID # 681.  The plaintiff's counsel responded that his client designated her treating doctors as experts, but did not inquire as to whether that designation was sufficient.  *See id*. at Page ID # 683.

7

witnesses frequently "include physicians or other health care professionals[.]" *Id.* They strove to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." *Id*.

In the wake of that amendment, treating physicians can fall into any one or more of three categories. To the extent that they serve as fact witnesses, no disclosure is required pursuant to Rule 26(a)(2); to the extent that they have been "retained or specially employed to provide expert testimony in the case[,]" disclosure is required pursuant to Rule 26(a)(2)(B); and to the extent that they otherwise intend to provide expert testimony, disclosure is required pursuant to Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2).

The evidence here at issue implicates Rule 26(a)(2), subsection (C): the plaintiff points to a medical record in which her primary care doctor stated: "She was initially injured 7/29/2013 through an assault where she injured her shoulder, elbow and wrist." Objection at 4-5 (quoting History and Physical Examination dated July 15, 2015 (ECF No. 94-3), attached thereto).

Yet, the plaintiff never (i) identified which of her multiple treating providers would provide opinions, (ii) described the subject matter on which those witnesses were expected to present expert evidence, or (iii) provided "a summary of the facts and opinions to which the witness[es] [were] expected to testify[,]" as required by subsection (C). Fed. R. Civ. P. 26(a)(2)(C). "While disclosures made under subsection (C) are considerably less extensive than a full expert report[,] to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided." *Gleed v. AT&T Servs., Inc.*, Case No. 13-12479, 2016 WL 1451532, at *5 (E.D. Mich. Apr. 12, 2016) (citation and internal quotation marks omitted).

For purposes of subsection (C), characterizing treating providers as experts and stating that they will testify consistent with their medical records does not suffice. *See, e.g., Carrico v. Lewis Tree Serv., Inc.*, NO. 2:15-CV-25-FL, 2016 WL 6459599, at *3 (E.D.N.C. Oct. 31, 2016) ("[O]ne may not discharge the duty to provide 'a <u>summary</u> of facts and opinions' [pursuant to Rule 26(a)(2)(C)] simply by referring an opponent to the raw data that would have formed the basis for a summary report had one been prepared.") (citations omitted) (emphasis in original); *Gleed*, 2016 WL 1451532, at *5 (plaintiff's "disclosure," which consisted of the production of medical records, was "little more than an invitation for Defendant to go fish"); *Patton v. Jacobs Eng'g Grp. Inc.*, CIVIL ACTION NO. 15-123-BAJ-RLB, 2016 WL 1090566, at *3 (M.D. La. Mar. 18, 2016), *appeal denied*, 2016 WL 2770879 (M.D. La. May 13, 2016) ("disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)").

The plaintiff, therefore, failed to provide an expert witness designation as required by Rule 26(a)(2)(C). That failure was neither substantially justified nor harmless. "[A plaintiff's] erroneous assumption that because [a treating physician] was not a specially retained expert, he was not an expert whom she needed to disclose does not constitute a substantial justification." *Blodgett v. United States*, No. 2:06-CV-00565DAK, 2008 WL 1944011, at *6 (D. Utah May 1, 2008). And the harm of permitting any treating provider to testify on causation and permanency, at least beyond the four corners of the medical records, is obvious. The jury in this case has been selected, and trial is scheduled to start on March 20, 2017. Absent any limitation on such testimony, the defendant would be blindsided and prejudiced; yet, postponement of the trial to permit him the opportunity to take additional discovery would upend the orderly management not only of this case but also of the court's operations, including its juror selection process. *See, e.g., Fortin v. Town of Wells*, Civil No. 09-179-P-S, 2009 WL 3327200, at *4 (D. Me. Oct. 13, 2009)

(declining to extend scheduling order deadlines by two months to accommodate plaintiff's "failures to provide sufficient and timely expert witness designations"; noting, "[T]he harm is readily apparent. The defendants will have to wait at least an additional two months for this matter to be resolved, while incurring litigation expenses, and the court's scheduling procedure will have been disrupted for no proffered reason other than the plaintiff's convenience.").

I, therefore, grant the Motion to the extent that I preclude the plaintiff's treating providers from offering any testimony on causation or permanency beyond the four corners of medical records provided to the defendant in discovery. To the extent that the plaintiff seeks to exclude either testimony parroting any opinion contained in the medical records, or the underlying medical records themselves, the Motion is denied on the showing made, without prejudice to its reassertion at trial. The defendant has provided no medical records in conjunction with the Motion. While the plaintiff happened to append one medical record to her Objection, I have no means of ascertaining whether the medical records do in fact contain what can fairly be characterized as opinions on causation and/or permanency (*versus*, for example, simply a recitation of the plaintiff's self-report) or, if they do, whether it is equitable in all of the circumstances to exclude them. I will not rule in a vacuum.

I caution, however, that there are risks to both sides if I am called upon to rule on this narrower issue. The caselaw is split as to whether a failure to designate a treating physician pursuant to Rule 26(a)(2)(C) warrants the exclusion of testimony confined to the four corners of medical records provided during discovery. *Compare, e.g.*, *Sheppard v. Liberty Mut. Ins. Co.*, CIVIL ACTION NO. 16-2401, 2017 WL 467092, at *2 (E.D. La. Feb. 2, 2017) (allowing only lay testimony; barring testimony regarding diagnosis or causation); *Gleed*, 2016 WL 1451532, at *4, *7 (allowing only lay testimony as to course of treatment and provider's direct observations;

10

barring opinion testimony as to causation or exacerbation of injury) *with, e.g., Perdomo v. United States*, Civil Action No. 11-2374, 2012 WL 2138106, at *1 (E.D. La. June 11, 2012) (allowing testimony within scope of medical records, including opinions contained therein); *Crabbs v. Wal-Mart Stores, Inc.*, No. 4:09-cv-00519-RAW, 2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (allowing testimony as to subject matter of treatment and opinions formed in the course of treatment, subject to reconsideration at trial). And, while the plaintiff's conduct is sanctionable, I am troubled that the defendant did not raise this issue with the court until the parties' final pretrial conference on January 4, 2017, well after the court realistically could have intervened to remedy the situation.

### B. Request To Exclude Medical Records Postdating Initial ER Visit

The defendant requests that, if his bid to exclude opinion evidence is granted, the court also exclude all medical records postdating the plaintiff's initial ER visit, as well as evidence of expenses related to that treatment, on the bases that the evidence is irrelevant absent expert evidence linking his conduct to the alleged injuries and, in the alternative, that any marginal probative value is substantially outweighed by unfair prejudice, confusion of issues, undue delay, and needless expenditure of time and resources. *See* Motion at 6-7 & n.4.

For the reasons stated above, this request is denied on the showing made, without prejudice to its reassertion at trial. As of now, I have excluded expert testimony on causation or permanency that is outside the scope of medical records provided to the defendant in discovery. I do not know the contents of those medical records, and it is not clear that the plaintiff will be unable to prove causation as a matter of law.

### C. Request To Exclude Evidence of Post-Incident Interactions

The defendant finally seeks the exclusion of evidence of any interactions between himself and the plaintiff after the altercation on July 29, 2013. *See id.* at 7. He argues that, because the only issue for trial is the alleged use of force during the altercation, the parties' subsequent dealings are irrelevant. *See id.*

Nonetheless, the plaintiff asserts that the interactions at issue are relevant to the emotional distress she suffered as a result of the use of force, illustrating the fear and distress the defendant caused her. *See* Objection at 6. The defendant has not shown that the probative value of this evidence would be outweighed by unfair prejudice, confusion of issues, undue delay, or needless expenditure of time and resources. *See* Motion at 7.

The request to exclude evidence of the parties' post-incident interactions, hence, is denied on the showing made, without prejudice to its reassertion at trial.

### IV.    Conclusion

For the foregoing reasons, I **GRANT** the Motion in part to the extent that I preclude any expert testimony on causation or permanency beyond the four corners of medical records produced during discovery, and otherwise **DENY** it without prejudice to its reassertion at trial.

Dated this 17th day of March, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge